UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NORMAN W. JAHN,
               Plaintiff,             )

                                      )     No. 2:22-cv-233

-v-                                 )

                                      )     Honorable Paul L. Maloney

BAY MILLS COMMUNITY COLLEGE,    )
               Defendant.      )

_____)

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

After approximately seven years of employment, Bay Mills Community College terminated Norman Jahn. Jahn sued the College. Jahn alleges his termination was discriminatory and retaliatory and, as a result, violates several federal and state statutes. Bay Mills Community College filed a motion to dismiss (ECF No. 9). The Magistrate Judge issued a report recommending the Court grant the motion (ECF No. 14). Jahn filed objections (ECF No. 15). The Court will adopt the report and recommendation in part and will grant the motion to dismiss.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Jahn proceeds without the benefit of counsel. Therefore, this Court must liberally

construe the pleadings and his other filings.  *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006).

1.  Standards for a motion to dismiss.  The Magistrate Judge summarized the relevant legal standard for evaluating Defendant's motion.  These standards are well established, the Magistrate Judge accurately summarized them ,and Plaintiff does not object to the standards.

2.  Age Discrimination

The Magistrate Judge found that Title VII does not cover age discrimination.  The Magistrate Judge also found that "Jahn did not assert a count based upon age discrimination, but it does appear that he intends to bring an age discrimination claim" (R&R at 19 PageID.209).  The Magistrate Judge accurately describes the scope of Title VII.  *See Gulley v. Cty. of Oakland*, 496 F. app'x 603, 604 n.1 (6th Cir. 2012) ("The parties and the district court address her age discrimination claim under Title VII.  That statute, however, does not prohibit age discrimination.  The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, is the proper statute under which Gulley should have brought her age discrimination claim.").

Plaintiff does not specifically object to this finding.  Even if the Court were to overlook Plaintiff's error in identifying the correct statute, the outcome would be the same.  Plaintiff's age discrimination claim suffers the same pleading deficiencies as his race and sex claims.

3.  Race and Sex Discrimination[1]

The Magistrate Judge found that Jahn did not plead sufficient facts to support a plausible claim of race, sex and age discrimination.  The Magistrate Judge set forth a detailed summary of the complaint and identified the specific allegations that might allege facts to support a claim for discrimination.  The Magistrate Judge succinctly explains the problem with the complaint: "The mere fact that Jahn was a 62-year-old white man at the time he filed his complaint and not a Native American female, is insufficient to support the allegation that his termination was due to his gender, race, or age" (R&R at 21 PageID.211).

Plaintiff objects.  Plaintiff insists that the record contains multiple instances of discrimination.  The Court overrules Plaintiff's objection.  For the particular part of a motion to dismiss—whether a plaintiff has plead facts to support a plausible claim—the Court focuses on the allegations in the complaint.  The Court has carefully reviewed the complaint and agrees with the Magistrate Judge's findings, conclusions and recommendations.  The complaint does not contain factual allegations to support the conclusion that Plaintiff's termination was motivated or otherwise explained by his race, sex or age.  The facts contained in the complaint may establish that discrimination was a possible explanation for termination. The legal test for a motion to dismiss is not possibility, but plausibility.  Plaintiff cannot survive this part of the motion to dismiss based on allegations he raised with the different administrative agencies while attempting to exhaust his administrative remedies.

---

[1]     Plaintiff describes his claim as gender discrimination rather than sex discrimination.  Title VII prohibits discrimination based on, among other things "sex."  *See* 42 U.S.C. § 2000e-2.  The Court will use the word used in the statute.

The Magistrate Judge specifically notes that the complaint does not include sufficient factual allegations about similarly-situated employees who were treated differently (R&R at 21 PageID.211).   Plaintiff objects.   Plaintiff insists that he included information about similarly-situated employees in the information he submitted to the administrative agencies. Those allegations, however, are not included in the complaint.   Plaintiff also reasons that he cannot provide information about similarly-situated individuals who were treated differently because Defendant controls that information in its personnel files.   Nevertheless, the law requires Plaintiff to plead sufficient facts in a complaint in order to survive a motion to dismiss.   Our Supreme Court has held that merely filing a lawsuit with threadbare factual assertions does not entitle a plaintiff to obtain discovery necessary to support the claim, even when the information is controlled by the defendant.

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.   Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal citation omitted); *see, e.g., 16630 Southfield Ltd. P'ship v. Flagstar Bank, FSB*, 727 F3d 502, 503-05 (6th Cir. 2013).

4. Retaliation

The Magistrate Judge finds that Jahn has not alleged that he engaged in activity protected by Title VII, a necessary element for his retaliation claim.   Title VII prohibits unlawful employment practices based on a person's race, color, religion, sex and national

origin. *See* 42 U.S.C. § 20003-2(a)(1). The statute prohibits retaliation against an employee "because he has opposed any practice made unlawful employment practice by this subchapter...." 42 U.S.C. § 2000e-3(a). Jahn made numerous reports about financial aid practices at Bay Mills Community College. He did not make reports about unlawful employment practices. The allegations in the complaint about a hostile work environment refers to competition between departments and administrative offices and a lack of collegiality, not the sort of hostility prohibited by Title VII (Compl. ¶¶ 42-43 PageID.18).

Plaintiff objects. The Court overrules Plaintiff's objection. Plaintiff contends he complained about his "status and treatment" (Obj. at 20 PageID.238). Plaintiff, however, does not refer to any particular factual allegation in the complaint. Plaintiff's objection here is not sufficient for this Court find that he engaged in activity protected by Title VII. Plaintiff argues that whistleblowers who report fraud and waste are protected from retaliation. But, Plaintiff has not pled a claim for whistleblower retaliation.

5. Exhaustion of Administrative Remedies

Defendant argued in the motion to dismiss that Plaintiff failed to properly exhaust his claims prior to filing this lawsuit. The Magistrate Judge agreed finding that Jahn exhausted only his claims for age discrimination and for retaliation. Plaintiff objects. The Court agrees with Plaintiff. As attachments to his response to the motion to dismiss, Plaintiff submitted his email exchanges with the administrative agency. Plaintiff was not represented by counsel and cannot be held the standard that an attorney would be held. Plaintiff made reasonable efforts to apprise the administrative agency that he wanted to include race and gender claims. Plaintiff's exhibits include a revised statement of the particulars of his claim, revisions that

the administrative agency declined to include.  Defendant acknowledges this state of the record in its reply (ECF No. 13 PageID.186).  On this unusual record, the Court declines to find that Plaintiff failed to exhaust his administrative remedies.

This conclusion, however, does not alter the outcome.  The Court agrees with the Magistrate Judge that Plaintiff has failed to plead sufficient facts to state a claim for discrimination or retaliation under Title VII.  With that conclusion, the Court agrees with the Magistrate Judge that the Court should decline to exercise supplement jurisdiction over the state law claims.

For these reasons, the Court **ADOPTS IN PART** the Report and Recommendation (ECF No. 14).  The Court **GRANTS** Defendant's motion to dismiss (ECF No. 9).  **IT IS SO ORDERED.**

Date:    August 28, 2023                                /s/  Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge